**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Northern _____ District of Georgia _____
(State)

Case number (*if known*): _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/19

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | |
|---|---|
| 1. **Debtor's name** | Jack Cooper Enterprises, Inc. |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | None. |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 4 7 _ 0 9 6 3 0 0 1 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 630 Kennesaw Due West Road | |
| Number    Street | Number    Street |
| | P.O. Box |
| Kennesaw    GA    30152 | |
| City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Cobb | |
| County | Number    Street |
| | City    State    ZIP Code |

5. **Debtor's website** (URL)    www.jackcooper.com

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

Debtor   Jack Cooper Enterprises, Inc.
_____
Name

Case number *(if known)*_____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>4</u>   <u>8</u>   <u>4</u>   <u>2</u>

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　☐ A plan is being filed with this petition.

　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____   When _____   Case number _____
　　　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY

　　　　　District _____   When _____   Case number _____
　　　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor   See Rider 1 _____   Relationship   Affiliate _____

　　　　　District   Northern District of Georgia _____   When _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY

　　　　　Case number, if known   _____

---

Debtor    Jack Cooper Enterprises, Inc.
Name
Case number *(if known)* _____

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

|  |  |  |  |
|---|---|---|---|
| Number | Street |  |  |

_____

| City | State | ZIP Code |
|---|---|---|

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☒ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

Debtor  Jack Cooper Enterprises, Inc. _____  Case number (if known) _____
 _____Name_____

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

☒ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

☒ I have been authorized to file this petition on behalf of the debtor.

☒ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/06/2019
 MM / DD / YYYY

✖ /s/ T. Michael Riggs _____   T. Michael Riggs _____
Signature of authorized representative of debtor   Printed name

Title  Chief Executive Officer _____

**18. Signature of attorney**

✖ /s/ Brian S. Hermann _____   Date  08/06/2019
Signature of attorney for debtor   MM / DD / YYYY

Brian S. Hermann _____
Printed name
Paul, Weiss, Rifkind, Wharton & Garrison LLP _____
Firm name
1285 Avenue of the Americas _____
Number        Street
New York _____   NY      10019 _____
City   State   ZIP Code

(212) 373-3000 _____   bhermann@paulweiss.com _____
Contact phone   Email address

2810232 _____   NY _____
Bar number   State

---

**ill in this information to identify the case:**

United States Bankruptcy Court for the :

Northern District of Georgia
(State)

Case number *(if known)*: _____    Chapter __11__

☐ Check if this is an
amended filing

## <u>Rider 1</u>
## <u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the Northern District of Georgia for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Jack Cooper Ventures, Inc.

- Jack Cooper Ventures, Inc.
- Auto & Boat Relocation Services LLC
- Auto Handling Corporation
- Axis Logistic Services, Inc.
- CTEMS, LLC
- Jack Cooper Canada 1 Limited Partnership
- Jack Cooper Canada 2 Limited Partnership
- Jack Cooper Canada GP1 Inc.
- Jack Cooper Canada GP2 Inc.
- Jack Cooper CT Services, Inc.
- Jack Cooper Diversified, LLC
- Jack Cooper Enterprises, Inc.
- Jack Cooper Holdings Corp.
- Jack Cooper Investments, Inc.
- Jack Cooper Logistics, LLC
- Jack Cooper Rail and Shuttle, Inc.
- Jack Cooper Transport Canada Inc.
- Jack Cooper Transport Company, Inc.
- North American Auto Transportation Corp.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

In re:

JACK COOPER ENTERPRISES, INC.,

                    Debtor.

Chapter 11

Case No. 19-_____-[    ]

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Jack Cooper Enterprises, Inc. | Jack Cooper Ventures, Inc. | 630 Kennesaw Due West Road Kennesaw, GA 30152 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **JACK COOPER ENTERPRISES, INC.,** | Case No. 19-_____-[    ] |
| Debtor. | |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Jack Cooper Ventures, Inc. | 100% |

Fill in this information to identify the case:

Debtor name: Jack Cooper Ventures, Inc., et al.

United States Bankruptcy Court for the: Northern District of Georgia, Atlanta Division

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | Central States, Southeast and Southwest Areas Pension Plans Attn: President or General Counsel 9377 W Higgins Rd Rosemont, IL 60018-4938 | Central States, Southeast and Southwest Areas Pension Plans Attn: President or General Counsel PHONE: 847-518-9800 FAX: 847-518-9752 EMAIL: nbackow@centralstatesfunds.org | Pension | C/U | | | Unliquidated |
| 2 | Pension Benefit Guaranty Corp Attn: President or General Counsel 1200 K Street NW Washington, DC 20005 | Pension Benefit Guaranty Corp Attn: President or General Counsel PHONE: 800-736-2444 FAX: 202-326-4047 EMAIL: mypension@pbgc.gov | Pension | C/U | | | Unliquidated |
| 3 | Teamsters Local 560 Benefit Fund Attn: President or General Counsel 707 Summit Avenue Union City, NJ 07087 | Teamsters Local 560 Benefit Fund Attn: President or General Counsel PHONE: 201-864-0051 FAX: 201-864-4177 EMAIL: BMcCloskey@560benefitfunds.com | Pension | C/U | | | Unliquidated |
| 4 | New England Teamsters and Trucking Industry Pension fund Attn: President or General Counsel 1 Wall Street 4th Floor Burlington, MA 01803-4768 | New England Teamsters and Trucking Industry Pension fund Attn: President or General Counsel PHONE: 781-345-4400 FAX: 781-345-4402 EMAIL: N/A | Pension | C/U | | | Unliquidated |
| 5 | International Brotherhood of Teamsters Union Local No. 710 Pension Fund Attn: President or General Counsel 9000 W 197th St Mokena, IL 60448 | International Brotherhood of Teamsters Union Local No. 710 Pension Fund Attn: President or General Counsel PHONE: 773-254-2500 FAX: 773-254-4193 EMAIL: michael@710bwp.org | Pension | C/U | | | Unliquidated |

**Debtor:** Jack Cooper Ventures, Inc., *et al* .

**Case number (if known)** _____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 6 | Freight Drivers and Helpers Local Union No. 557 Pension Fund  Attn: President or General Counsel  9411 Philadelphia Road Suite S  Baltimore, MD 21237 | Freight Drivers and Helpers Local Union No. 557 Pension Fund  Attn: President or General Counsel  PHONE: 443-573-3615  FAX: N/A  EMAIL: N/A | Pension | C/U | | | Unliquidated |
| 7 | Selland Auto Transport Note  Attn: President or General Counsel  615 South 96th Street  Seattle, WA 98108 | Selland Auto Transport Note  Attn: President or General Counsel  PHONE: 206-248-7320  FAX: N/A  EMAIL: Nancy.jameson@kidder.com | Unsecured Note | C/U/D | | | Unliquidated |
| 8 | Automotive Industries Pension Plan  Attn: President or General Counsel  1640 South Loop Road  Alameda, CA 94502 | Automotive Industries Pension Plan  Attn: President or General Counsel  PHONE: 800-635-3105  FAX: N/A  EMAIL: AISupport@hbsa.com | Unsecured Note | | | | $2,755,000.00 |
| 9 | Teamsters of Philadelphia and Vicinity Pension Plan  Attn: President or General Counsel  2500 McClellan Ave Suite 140  Pennsauken, NJ 08109 | Teamsters of Philadelphia and Vicinity Pension Plan  Attn: President or General Counsel  PHONE: 856-382-2411  FAX: 856-382-2401  EMAIL: pension@teamsterfunds.com | Unsecured Note | | | | $1,505,045.43 |
| 10 | U.S. Bank, National Association  Attn: President or General Counsel  60 Livingston Avenue  St. Paul, MN 55107 | U.S. Bank, National Association  Attn: President or General Counsel  PHONE: 651-466-6299  FAX: N/A  EMAIL: N/A | Unsecured Note | | | | $1,099,000.00 |
| 11 | Ameriquest Business Services  Attn: President or General Counsel  200 Lake Drive East Suite 200  Cherry Hill, NJ 08002 | Ameriquest Business Services  Attn: President or General Counsel  PHONE: 888-267-8378  FAX: N/A  EMAIL: arremittance@corcentric.com | Parts Supplies | | | | $952,515.89 |
| 12 | Pilot Travel Centers LLC  Attn: President or General Counsel  5508 Lonas Dr  Knoxville, TN 37909 | Pilot Travel Centers LLC  Attn: President or General Counsel  PHONE: 865-805-6286  FAX: N/A  EMAIL: steve.miller@pilottravelcenters.com | Fuel | | | | $794,233.49 |
| 13 | Teamsters Joint Council No. 83 Of Virginia Pension Fund  Attn: President or General Counsel  8814 Fargo Road Suite 200  Richmond, VA 23229 | Teamsters Joint Council No. 83 Of Virginia Pension Fund  Attn: President or General Counsel  PHONE: 804-282-3131  FAX: N/A  EMAIL: documents@tjc83funds.net. | Unsecured Note | | | | $619,370.26 |
| 14 | Bridgestone Firestone North American Holdings Ltd  Attn: President or General Counsel  535 Marriott Drive  Nashville, TN 37214-0990 | Bridgestone Firestone North American Holdings Ltd  Attn: President or General Counsel  PHONE: 615-937-6608  FAX: 615-937-3621  EMAIL: USFleetCredit@bfusa.com; neelykevin@bfusa.com | Parts Supplies | | | | $808,424.90 |

Debtor: Jack Cooper Ventures, Inc., *et al* .

Case number (if known) _____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 15 | Love's Travel Stops & Country Stores, Inc.<br>10601 North Pennsylvania<br>Oklahoma City, OK 73120 | Love's Travel Stops & Country Stores, Inc.<br>Attn: President or General Counsel<br>PHONE: 866-213-5536<br>FAX: N/A<br>EMAIL: comments@loves.com | Fuel | | | | $303,468.81 |
| 16 | Corporate Lodging Consultants<br>8111 East 32nd St. North Ste. 300<br>Wichita, KS 67226-2614 | Corporate Lodging Consultants<br>Attn: President or General Counsel<br>PHONE: 800-835-4045<br>FAX: N/A<br>EMAIL: mwilliams@clclodging.com | Motels | | | | $279,649.28 |
| 17 | National Interstate Insurance<br>Attn: President or General Counsel<br>3250 Interstate Dr.<br>Richfield, OH 44286 | National Interstate Insurance<br>Attn: President or General Counsel<br>PHONE: N/A<br>FAX: N/A<br>EMAIL: N/A | Insurance | | | | $220,546.00 |
| 18 | Union Pacific Railroad<br>Attn: President or General Counsel<br>12567 Collections Center Drive<br>Chicago, IL 60693 | Union Pacific Railroad<br>Attn: President or General Counsel<br>PHONE: N/A<br>FAX: N/A<br>EMAIL: N/A | Carrier Leases | | | | $160,400.00 |
| 19 | McCarthy Tetrault LLP<br>Suite 5300, TD Bank Tower<br>Toronto, ON M5K 1E6<br>Canada | McCarthy Tetrault LLP<br>Attn: President or General Counsel<br>PHONE: 416-362-1812<br>FAX: N/A<br>EMAIL: N/A | Professional Services | | | | $155,845.68 |
| 20 | Continental Tire North America<br>Po Box 60049<br>Charlotte, NC 28260-0049 | Continental Tire North America<br>Attn: President or General Counsel<br>PHONE: 1704583485<br>FAX: N/A<br>EMAIL: cameron.kurek@conti-na.com | Tires | | | | $153,284.41 |
| 21 | City of Dallas<br>320 East Jefferson<br>Dallas, TX 75203 | City of Dallas<br>Attn: President or General Counsel<br>PHONE: 214-948-4085<br>FAX: N/A<br>EMAIL: Cynthia.alvarado@dallascityhall.com | Rent | | | | $149,265.00 |
| 22 | Windstream Holding, Inc.<br>4001 Rodney Parham Road<br>Little Rock, AR 72212 | Windstream Holding, Inc.<br>Attn: President or General Counsel<br>PHONE: N/A<br>FAX: N/A<br>EMAIL: N/A | Communications | | | | $122,639.44 |
| 23 | Central Pennsylvania Teamsters Defined Benefit Plan<br>1055 Spring Street<br>Wyomissing, PA 19610 | Central Pennsylvania Teamsters Defined Benefit Plan<br>Attn: President or General Counsel<br>PHONE: 610-320-5500<br>FAX: 610-320-9239<br>EMAIL: lynn@centralPAteamsters.com | Unsecured Note | | | | $92,000.00 |
| 24 | Cottrell, Inc<br>2125 Candler Road<br>Gainesville, GA 30507 | Cottrell, Inc<br>Attn: President or General Counsel<br>PHONE: 770-532-7251<br>FAX: N/A<br>EMAIL: twoodham@cottrelltrailers.com | Parts Supplies | | | | $85,903.19 |

**Debtor:** Jack Cooper Ventures, Inc., *et al*.

Case number (if known) _____

Page 4

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 25 | Town Pavilion Holdings, LLC. Attn: President or General Counsel 1111 Main Street Kansas City, MO 64105 | Town Pavilion Holdings, LLC. Attn: President or General Counsel PHONE: 816-701-5000 FAX: N/A EMAIL: jduncan@robinson-park.com | Rents | | | | $84,947.06 |
| 26 | Apollo Developement & Land Corp Attn: President or General Counsel 572 Market Street Newark, NJ 07105 | Apollo Developement & Land Corp Attn: President or General Counsel PHONE: 973-589-0055 FAX: N/A EMAIL: msilva@peterpaulrealestate.com | Rents | | | | $84,000.00 |
| 27 | Freight Drivers And Helpers Local Union No. 557 Pension Fund Attn: President or General Counsel 9411 Philadelphia Road Suite S Baltimore, MD 21237 | Freight Drivers And Helpers Local Union No. 557 Pension Fund Attn: President or General Counsel PHONE: 443-573-3615 FAX: N/A EMAIL: N/A | Unsecured Note | | | | $77,645.68 |
| 28 | National Union Fire Insurance Attn: President or General Counsel 70 Pine Street Floor 1 New York, NY 10270 | National Union Fire Insurance Attn: President or General Counsel PHONE: 212-770-7000 FAX: N/A EMAIL: N/A | Cargo Claims | | | | $77,423.38 |
| 29 | Omnitracs, LLC Attn: President or General Counsel File No. 54210 Los Angeles, CA 90074-4210 | Omnitracs, LLC Attn: President or General Counsel PHONE: 469-801-6231 FAX: N/A EMAIL: N/A | IT Consulting | | | | $54,589.19 |
| 30 | Imperial Supplies LLC Attn: President or General Counsel 789 Armed Force Dr Green Bay, WI 54307-1008 | Imperial Supplies LLC Attn: President or General Counsel PHONE: 800-558-2808 FAX: N/A EMAIL: service@e.imperialsupplies.com | Parts Supplies | | | | $52,626.22 |

Fill in this information to identify the case and this filing:

Debtor Name **Jack Cooper Enterprises, Inc.**

United States Bankruptcy Court for the: **Northern District of Georgia**
(State)

Case number (If known):

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____**List of Equity Security Holders, Corporate Ownership Statement and List of Creditors Who Have the 30 Largest Unsecured Claims**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 08/06/2019 | ☒ */s/ T. Michael Riggs* |
|---|---|
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **T. Michael Riggs** |
| | Printed name |
| | **Chief Executive Officer** |
| | Position or relationship to debtor |

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtor**

## OMNIBUS WRITTEN CONSENT
### August 5, 2019

Effective as of the date written above, the members of the board of directors, members of the board of managers, individual managers, sole managers and sole members (each, "Board"), as applicable, of the corporations (including, where applicable, in their capacity as general partner of a limited partnership listed in the attachments hereto), limited liability companies, and limited partnerships listed on the attachments hereto (each, a "Company" and collectively, the "Companies") hereby take the following actions and adopt the following resolutions by written consent pursuant to each of such Company's bylaws, limited liability company agreement, or partnership agreement as applicable, and the applicable laws of the jurisdiction in which such Company is organized:

**Chapter 11 Filing**

WHEREAS, the respective Board of each Company has considered presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to them and the effect of the foregoing on such Company's business; and

WHEREAS, the respective Board of each Company has consulted with the management and the financial and legal advisors of such Company and fully considered each of the strategic alternatives available to such Company.

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that in the judgment of the respective Board of each Company, it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to file or cause to be filed voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court");

**RESOLVED**, that in the judgment of the respective Board of each Company listed on attachments D to G hereto, it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to file or cause to be filed an application for recognition of the Chapter 11 Cases pursuant to ancillary proceedings under Part IV of the Companies' Creditors Arrangement Act (Canada) (the "Recognition Proceeding") in the Ontario Superior Court of Justice (Commercial List); and

**RESOLVED**, in respect of Jack Cooper Transport Canada Inc. ("JCT Canada"), Kyle Haulotte has resigned as Chief Financial Officer, Treasurer and Assistant Secretary and hereby ceases to hold such offices of JCT Canada and Greg May is hereby appointed as Chief Financial Officer, Treasurer and Assistant Secretary of JCT Canada;

1

**RESOLVED**, in respect of each of Jack Cooper Canada GP 1 Inc. ("JCC GP 1") and Jack Cooper Canada GP 2 Inc. ("JCC GP 2"), Kyle Haulotte has resigned as Chief Financial Officer and Treasurer and hereby ceases to hold such offices of each of JCC GP 1 and JCC GP 2, respectively, and Greg May is hereby appointed as Chief Financial Officer and Treasurer of each of JCC GP 1 and JCC GP 2, respectively.

**RESOLVED**, that T. Michael Riggs, in his capacity as Chief Executive Officer of each Company, and Greg May, in his capacity as Chief Financial Officer of each Company (each an "Authorized Officer" and together the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and hereby is, authorized, empowered and directed to execute and file on behalf of each Company all petitions, applications, schedules, lists and other motions, papers, or documents, and to take any and all action that he deems necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

## Restructuring Support Agreement

**RESOLVED**, that in the judgment of the respective Board of each Company, it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to enter into that certain restructuring support agreement (the "RSA") by and among the Companies, certain of their affiliates, and certain consenting creditors (the "Consenting Creditors") substantially in the form presented to the Board on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to enter into, on behalf of each Company, the RSA, any additional agreements contemplated thereunder, any related ancillary documentation, and to take any and all actions necessary or advisable to advance such Company's rights and obligations therein, including filing pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute the RSA on behalf of each Company and to take all necessary actions in furtherance of consummation of such agreement's terms.

## Bidding Procedures Motion and Marketing Process

**RESOLVED**, that in the judgment of the respective Board of each Company, it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized, consistent with the RSA, to file with the Bankruptcy Court a motion seeking approval of, among other things, (i) a sale of all or substantially all of the Companies' assets pursuant to a stalking horse asset purchase agreement (the "APA"), which shall be subject

to higher and better offers, and (ii) the proposed bidding and auction procedures pursuant to which the Companies will market their assets (the "<u>Bidding Procedures Motion</u>");

**RESOLVED**, that in the judgment of the respective Board of each Company, it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to engage in a marketing process for the Companies' assets, to ensure the APA provides the highest or otherwise best offer for the Companies' assets, and such marketing process shall be consistent with the marketing and bidding process contemplated by the RSA (the "<u>Marketing Process</u>"), with such changes, additions, and modifications thereto as an Authorized Officer shall approve; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to file the Bidding Procedures Motion, on behalf of each Company, and to pursue the Marketing Process, consistent with the RSA, and to take any and all actions necessary or advisable to advance such Company's rights and obligations thereunder, including filing of additional pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to take all necessary actions in furtherance of the foregoing resolutions, consistent with the RSA.

**Retention of Professionals**

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("<u>Paul, Weiss</u>") as general bankruptcy counsel and King & Spalding LLP ("<u>King & Spalding</u>"), as co-counsel, in each case, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul, Weiss and King & Spalding.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm Houlihan Lokey, Inc. ("<u>Houlihan</u>") as investment banker and financial advisor to, among other things, assist each Company in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by its Board, creditors, or other third parties, in each case, as requested by such Company, evaluating such Company's capital structure, responding to issues related to such Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of such Company's assets; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Houlihan.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm AlixPartners LLP ("AlixPartners") as restructuring advisor to, among other things, assist each Company in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by its Board, creditors, or other third parties, in each case as requested by such Company, evaluating such Company's capital structure, responding to issues related to such Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of such Company's assets; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of AlixPartners.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Prime Clerk LLC as notice and claims agent and administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk LLC.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with each Company's Chapter 11 Case or the Recognition Proceedings, with a view to the successful prosecution of each such case.

**Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection**

**RESOLVED**, that in the judgment of the respective Board of each Company, it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to obtain the senior secured post-petition revolving credit facility (the "DIP ABL Facility") and the junior secured post-petition term loan credit facility (the "DIP Term Facility"

and, together with the DIP ABL Facility, the "<u>DIP Financing</u>") on the terms and conditions of the proposed debtor in possession financing agreements (the "<u>DIP Credit Agreements</u>") between the applicable Borrower, the Guarantors, the financial institutions from time to time party thereto as lenders (collectively, the "<u>DIP Lenders</u>"), the administrative agents and collateral agents (in such capacities, the "<u>DIP Agents</u>"), and other agents and entities from time to time party thereto substantially in the form presented to the Board on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

**RESOLVED**, that in the judgment of the respective Board of each Company, it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such company shall be, and hereby is, authorized to enter into such mortgages, collateral access agreements, notices, financing statements, tax affidavits, landlord agreements, control agreements, intellectual property security agreements, pledge agreements and other instruments as any Agent may reasonably request, as required by the DIP Credit Agreements or as may be necessary or appropriate to create, preserve and perfect the liens purported to be required pursuant to the DIP Credit Agreements to be created in the Collateral (as defined in each DIP Credit Agreement, as applicable).

**RESOLVED**, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "<u>Cash Collateral</u>"), which is security for certain prepetition secured lenders (collectively, the "<u>Secured Lenders</u>") party to:

    (a) that certain Second Amended and Restated Credit Agreement, dated as of February 15, 2018 (as amended, restated, supplemented or otherwise modified from time to time) by and among Jack Cooper Holdings Corp. and certain other Debtors, as borrowers and guarantors, Wells Fargo Capital Finance, LLC, as lead arranger, sole bookrunner, and administrative agent thereunder (the "<u>Revolver Loan Agent</u>"), and the banks, financial institutions, and other lenders party thereto;

    (b) that certain Credit Agreement, dated as of June 28, 2018 (as amended, restated, supplemented or otherwise modified from time to time) by and among Jack Cooper Ventures, Inc. ("<u>JCVI</u>")  as borrower and certain other Debtors as guarantors, Cerberus Business Finance Agency, LLC, as agent (the "<u>1L Agent</u>"), and the banks, financial institutions, and other lenders party thereto;

    (c) that certain Amended and Restated Credit Agreement, dated as of June 28, 2018 (as amended, restated, supplemented or otherwise modified from time to time) by and among JCVI, as borrower, certain other Debtors as guarantors, Wilmington Trust, National Association, as

agent (the "1.5L Agent"), and the banks, financial institutions, and other lenders party thereto; and

(d) that certain Amended and Restated Credit Agreement, dated as of June 28, 2018 (as amended, restated, supplemented or otherwise modified from time to time) by and among JCVI, as borrower, certain other Debtors as guarantors, Wilmington Trust, National Association, as agent (collectively with the DIP Agent, the Revolver Loan Agent, the 1L Agent, and the 1.5L Agent, the "Administrative Agents") and the banks, financial institutions, and other lenders party thereto.

**RESOLVED**, that, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim DIP order substantially in the form presented to the Board on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof, (the "Interim DIP Order") to be submitted for approval to the Bankruptcy Court.

**RESOLVED**, that the form, terms, and provisions of the Interim DIP Order and the provisions of the Canadian initial recognition order and the Canadian supplemental order (the "Canadian Initial Orders") to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each Authorized Officer be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the DIP Credit Agreements, the Interim DIP Order, the Canadian Initial Orders, and any other orders related to the foregoing and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such Company is or will be a party, including, but not limited to any security and pledge agreement, deed of hypothec, mortgage, or guaranty agreement (collectively with the Interim DIP Order, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons in connection with the foregoing resolutions, in accordance with the DIP Documents, and, in each case, in the form or substantially in the form thereof presented to the respective Board of each Company on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

**RESOLVED**, that each Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "Adequate Protection Transactions").

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed, and empowered in the name of, and on behalf of, each Company, as debtor and debtor in possession, to take such actions as in his reasonable discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Administrative Agents; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the Administrative Agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings in Canada, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of each Company that the Administrative Agents deem necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order and the Canadian Initial Orders, including any such UCC financing statement or any equivalent filings in Canada containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the Administrative Agents may reasonably request to perfect the security interests of the Administrative Agents under the Interim DIP Order and the Canadian Initial Orders.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of appropriate fees and expenses payable in connection with the Adequate Protection Transactions and appropriate fees and expenses incurred by or on behalf of such Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in his judgment be necessary, proper, or advisable to perform any of such Company's obligations under or in connection with the Interim DIP Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**RESOLVED**, that the entering into, execution and delivery by each Company identified on the attachments hereto as being organized under the laws of Canada or of any province thereof (collectively, the "Canadian Companies") and the performance by each such Canadian Company of its obligations under each deed

7

of hypothec as may be contemplated by or required pursuant to or in connection with the DIP Credit Agreements for the purposes of providing security therefor under the laws of the Province of Quebec against all present and future property of each such Canadian Company as well as the customary limitation of liability required by Quebec notaries who are not instrumental in the preparation of the deed(s) executed before them (collectively, the "<u>Quebec Security</u>"), on such terms and conditions as any Authorized Officer or any Authorized Representative (as defined below) shall approve, be, and hereby are authorized, adopted, and approved.

**RESOLVED**, that each of Constantine Troulis, Nicole Cloutier, Mikulas Arendas or any other lawyer of the firm Osler, Hoskin & Harcourt LLP (each, an "<u>Authorized Representative</u>"), be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Canadian Company, to negotiate, finalize, execute and deliver the Quebec Security with or without the corporate seal affixed, and with such additions, deletions or other changes to any such documents as such Authorized Representative, in such Authorized Representative's sole discretion, may approve, such approval to be conclusively evidenced by such Authorized Representative's execution and delivery of the Quebec Security.

## General

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon each Authorized Officer, each Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's (or his designees' or delegates') judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED**, that the respective Board of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice.

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the respective Board of each Company.

**RESOLVED**, that each Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered to take all actions, or to not take any action in the name of each Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

This Consent may be executed in as many counterparts as may be required; all counterparts shall collectively constitute one and the same Consent.

* * * * * * * * * * * * *

9

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

_____
Sarah Amico

_____
Sam Torrence

_____
T. Michael Riggs

_____
Kevin McHugh

_____
Gerry Czarnecki

**BEING ALL OF THE MEMBERS OF
THE BOARD OF DIRECTORS OF
EACH COMPANY LISTED ON
ATTACHMENT A**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

_____
Sarah Amico

_____
Sam Torrence

_____
T. Michael Riggs

_____
Kevin McHugh

_____
Gerry Czarnecki

**BEING ALL OF THE MEMBERS OF
THE BOARD OF DIRECTORS OF
EACH COMPANY LISTED ON
ATTACHMENT A**

*[Signature Page – Omnibus Written Consent]*

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

_____

Sarah Amico

_____

Sam Torrence

_____

T. Michael Riggs

*Kevin McHugh*
_____

Kevin McHugh

_____

Gerry Czarnecki

**BEING ALL OF THE MEMBERS OF
THE BOARD OF DIRECTORS OF
EACH COMPANY LISTED ON
ATTACHMENT A**

*[Signature Page – Omnibus Written Consent]*

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

_____
Sarah Amico

_____
Sam Torrence

_____
T. Michael Riggs

_____
Kevin McHugh

_____
Gerry Czarnecki

**BEING ALL OF THE MEMBERS OF
THE BOARD OF DIRECTORS OF
EACH COMPANY LISTED ON
ATTACHMENT A**

*[Signature Page – Omnibus Written Consent]*

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

_____
Sarah Amico

_____
T. Michael Riggs

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON <u>ATTACHMENT B</u>**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

Sarah Amico

T. Michael Riggs

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON ATTACHMENT B**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

_____
Sarah Amico

_____
T. Michael Riggs

**BEING ALL THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON ATTACHMENT C**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

Sarah Amico

T. Michael Riggs

**BEING ALL THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON ATTACHMENT C**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

_____
Sarah Amico

_____
T. Michael Riggs

_____
Anthony Foster

**BEING ALL OF THE MEMBERS OF
THE BOARD OF DIRECTORS OF
EACH COMPANY LISTED ON
ATTACHMENT D**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

_____
Sarah Amico

_____
T. Michael Riggs

_____
Anthony Foster

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON <u>ATTACHMENT D</u>**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

_____

Sarah Amico

_____

T. Michael Riggs

_____

Anthony Foster

**BEING ALL OF THE MEMBERS OF
THE BOARD OF DIRECTORS OF
EACH COMPANY LISTED ON
ATTACHMENT D**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

_____

Anthony Foster

**BEING THE SOLE MEMBER OF THE
BOARD OF DIRECTORS OF EACH
COMPANY LISTED ON ATTACHMENT E**

*[Signature Page – Omnibus Written Consent]*

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

JACK COOPER CANADA GP 1 INC.

Name: T. Michael Riggs
Title: Chief Executive Officer

**BEING THE GENERAL PARTNER OF THE COMPANIES LISTED ON ATTACHMENT F**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

JACK COOPER CANADA GP 2 INC.

Name: T. Michael Riggs
Title: Chief Executive Officer

**BEING THE GENERAL PARTNER OF THE COMPANIES LISTED ON <u>ATTACHMENT G</u>**

**IN WITNESS WHEREOF**, the undersigned has executed this consent as of the date first written above.

Sarah Amico

T. Michael Riggs

**BEING ALL OF THE MANAGERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON ATTACHMENT H**

*[Signature Page – Omnibus Written Consent]*

**IN WITNESS WHEREOF**, the undersigned has executed this consent as of the date first written above.

Sarah Amico

T. Michael Riggs

**BEING ALL OF THE MANAGERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON ATTACHMENT H**

*[Signature Page – Omnibus Written Consent]*

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

_____
Sarah Amico

_____
T. Michael Riggs

**BEING ALL THE MANAGERS OF
EACH COMPANY LISTED ON
ATTACHMENT I**

**IN WITNESS WHEREOF,** the undersigned have executed this consent as of the date first written above.

Sarah Amico

T. Michael Riggs

**BEING ALL THE MANAGERS OF EACH COMPANY LISTED ON <u>ATTACHMENT I</u>**

## **Attachment A**

Board Members: Sarah Amico; Sam Torrence; T. Michael Riggs; Kevin McHugh; Gerry
Czarnecki

| COMPANY | JURISDICTION |
|---|---|
| Jack Cooper Investments, Inc. | Delaware |
| Jack Cooper Ventures, Inc. | Delaware |

**Attachment B**

Board Members or Managers: Sarah Amico, T. Michael Riggs

| COMPANY | JURISDICTION |
|---|---|
| Jack Cooper Diversified, LLC | Delaware |
| Jack Cooper Enterprises, Inc. | Delaware |
| Jack Cooper Holdings Corp. | Delaware |
| Jack Cooper Transport Company, Inc. | Delaware |
| Auto Handling Corporation | Delaware |
| Axis Logistic Services, Inc., | Delaware |
| Jack Cooper CT Services, Inc | Delaware |
| Jack Cooper Rail and Shuttle, Inc | Delaware |
| CTEMS, LLC | California |

## **Attachment C**

Board Member: T. Michael Riggs

| COMPANY | JURISDICTION |
|---|---|
| North American Auto Transportation Corp. | Delaware |

**<u>Attachment D</u>**

Board Members: Sarah Amico, T. Michael Riggs, Anthony Foster

| COMPANY | JURISDICTION |
|---|---|
| Jack Cooper Transport Canada, Inc. | Canada |

**<u>Attachment E</u>**

Board Member: Anthony Foster

| COMPANY | JURISDICTION |
|---|---|
| Jack Cooper Canada GP 1 Inc. | Ontario |
| Jack Cooper Canada GP 2 Inc. | Ontario |

## **Attachment F**

General Partner: Jack Cooper Canada GP 1 Inc.

| COMPANY | JURISDICTION |
|---|---|
| Jack Cooper Canada 1 Limited Partnership | Ontario |

## Attachment G

General Partner: Jack Cooper Canada GP 2 Inc.

| COMPANY | JURISDICTION |
|---|---|
| Jack Cooper Canada 2 Limited Partnership | Ontario |

## Attachment H

Managers: Sarah Amico, T. Michael Riggs, Jeff Herr

| COMPANY | JURISDICTION |
|---|---|
| Jack Cooper Logistics, LLC | Delaware |

**Attachment I**

Manager: Jeff Herr

| COMPANY | JURISDICTION |
|---|---|
| Auto & Boat Relocation Services LLC | Connecticut |